# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JDE CONSULTING LLC,** | ) | **Case No.: _____** |
| | ) | |
| **A Michigan Limited Liability Company,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **ORIGINAL COMPLAINT FOR** |
| **vs.** | ) | **BREACH OF CONTRACT AND** |
| | ) | **QUANTUM MERUIT** |
| **SAYERS CONSTRUCTION, LLC,** | ) | |
| | ) | |
| **A Texas Limited Liability Company,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## JURISDICTION

1.      The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. §1367.

## VENUE

2.      The contract at issue was to be performed in Bexar County, Texas. Venue, therefore, lies in the United States District Court for the Western District pursuant to 28 U.S.C. §1391(b)(2).

## INTRADISTRICT ASSIGNMENT

3.      Assignment in the San Antonio division of the United States District Court for the Western District of Texas is proper because a substantial part of the omissions giving rise to the claims alleged herein arose in Bexar County, Texas, of which falls under the San Antonio Division.

## PARTIES

4.      Plaintiff, JDE Consulting LLC ("Plaintiff"), is a limited liability company, organized and existing under the laws of the State of Michigan. Plaintiff has its principal place of business in the State of Michigan. Plaintiff does not have a registered agent for service of process in the State of Texas. Service of process on plaintiff may be made according to the laws of the State of Michigan by an officer or the resident agent, pursuant to Mich. Comp. Laws § 2.105(D)(1). The registered agent of JDE Consulting is Judith D. Ellis ("Ms. Ellis") with a mailing address of 3012 East Grand Blvd., Suite 2, Detroit, MI 48202. Ms. Ellis also serves as an officer of JDE Consulting with the same mailing address.

5.      Defendant, Sayers Construction, LLC ("Defendant") is a Texas limited liability company formed under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## STATEMENT OF FACTS

6.      On or before July 20, 2018, the Air Education and Training Command (DOD - USAF) ("U.S. Air Force") contracted with Plaintiff to repair administrative facilities and service buildings pursuant to Definitive Contract FA3016-18-C-0025 ("Prime Contract"). The Prime Contract included Volume 2 Specifications, which required Plaintiff to replace an existing an obsolete SWB1/SWB2 ("Obsolete Switchboards") that served USAF Lackland Building 2000

with a new single service entrance switchboard rated 3000A, 480/277V, 3-phase, 4-wire in a free-standing indoor enclosure named SWB-124 ("New Switchboard"). Under the Prime Contract, the Plaintiff was required to survey and assess the existing loads and branch feeders supplied from the Obsolete Switchboards to determine the breaker sizes and settings that will be provided in the New Switchboard, as well as include spare circuit breakers to allow for future load expansion and provide surge protection equipment for the New Switchboard.

7.     On October 22, 2018, Plaintiff obtained a performance bond from Philadelphia Indemnity Insurance Company in the amount of Four Hundred Twenty-Eight Thousand Four Hundred and One Dollars and 71 Cents ($428,401.71) and a payment bond from Philadelphia Indemnity Insurance Company in the amount of Three Hundred Fifty Thousand Five Hundred Ten Dollars and 49 Cents ($350,510.49), both totaling Seven Hundred Seventy-Eight Nine Hundred Twelve Dollars and 20 Cents ($778,912.20), as required by the U.S. Air Force.

8.     On or about June 3, 2019, Plaintiff contracted with Defendant (the "Subcontract") to furnish supervision, labor, materials, equipment to complete the work included in Volume 2 related to the New Switchboard, which consisted of removing and replacing the Obsolete Switchboards with a New Switchboard, providing testing services up completion of the construction project, providing all labor, supervision, equipment and materials in connection with the New Switchboard construction project required by the Prime Contract and specifications at a total fee of Six Hundred Twenty-Five Thousand Three hundred Seventy-Five Dollars and No Cents ($625,375.00).

9.     Defendant agreed to perform the supervision, labor, and testing services, as well as provide equipment and materials, related to the New Switchboard as outlined in the Subcontract.

**PLAINTIFF'S ORIGINAL PETITION**                                                    **Page 3**

The Subcontract further entitles the prevailing party in any dispute to an award of costs and attorneys' fees.

10.     Defendant failed to provide the supervision, labor, and testing services, as well as provide equipment and materials, related to the New Switchboard as required by the Subcontract.

11.     More than sixty (60) days have passed since Defendant's failure to perform.

12.     Because Plaintiff is the principal on the bonds, it is not entitled to pursue a claim against the bonds.

## FIRST CLAIM

### (BREACH OF CONTRACT)

13.     Plaintiff repeats and realleges paragraph 1 through 12 as if set forth herein, for the purposes of this First Claim.

14.     Plaintiff performed all of its obligations under the Subcontract.

15.     Defendant has breached the Subcontract in that it has failed and refuses to perform the supervision, labor, and testing services, as well as provide equipment and materials, related to the New Switchboard, as provided for in the Prime Contract and pursuant to the Subcontract.

16.     Plaintiff has suffered damages as a direct and proximate result of Defendant's breach of contract.

## SECOND CLAIM

### (QUANTUM MERUIT)

17.     Plaintiff repeats and realleges paragraph 1 through 12 as if set forth herein, for the purposes of this Second Claim.

18.     Plaintiff provided valuable services and information to Defendant necessary to secure the Prime Contract, including disclosing information about upcoming government contract opportunities.

19.     Plaintiff relied upon Defendant's assurances that it could perform the supervision, labor, and testing services, as well as provide equipment and materials, related to the New Switchboard so that Plaintiff could fully perform its obligations under the Prime Contract.

20.     Defendant has failed and refused to perform the supervision, labor, and testing services, as well as provide equipment and materials, related to the New Switchboard under the Subcontract.

21.     Plaintiff has suffered damages and Defendant has been unjustly enriched as a result of Defendant's failure and refusal to perform its obligations under the Subcontract so that Plaintiff could meet its duties under the Prime Contract.

## DAMAGES

22.     As a direct and proximate result of Defendant's breach, Plaintiff suffered the following damages.

a.     Defendant's failure to perform its obligations under the Subcontract.

b.     Reasonable expenses in reliance on defendant's performance of the Subcontract.

c.     Additional expenses to secure another subcontractor to perform the services and provide the equipment and materials that Defendant should have provided.

d.     Loss of net profits.

## ATTORNEY FEES

23.     As a result of defendant's breach, plaintiff retained an attorney and seeks reimbursement for its reasonable attorney fees, as authorized by Section 15.14 of the Subcontract.

**PLAINTIFF'S ORIGINAL PETITION**                                                              **Page 5**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

    a.      Damages in an amount to be proven at trial;

    b.      Cost of suit incurred herein;

    c.      Reasonable attorney's fees; and

    d.      Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**STEWART LAW GROUP PLLC**

*/s/ Amy M. Stewart*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com

**Lisa D. Mares (Admission Pending)**
State Bar No. 24067741
Email: lmares@stewartlawgrp.com

One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**ATTORNEYS FOR PLAINTIFF**
**JDE CONSULTING LLC**